UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**JOAN ELIZABETH JACOBS**             **PLAINTIFF**


**V.**             **CIVIL ACTION NO.1:07CV653 LTS-RHW**


**MARKEL INSURANCE COMPANY, ET AL.**             **DEFENDANTS**


## ORDER

The Court has before it the plaintiff's motion [7] to remand this action to the Chancery Court of Harrison County, Mississippi. On July 11, 2007, I entered an order allowing remand related discovery in this matter. At the conclusion of this discovery, Defendant Markel Insurance Company (Markel) filed its submission of evidentiary materials relating to the motion to remand. These materials are offered in support of the following statement of facts:

    1.    A Markel Insurance Company policy covering the plaintiff's property at 3608 Park Boulevard, Gulfport, Mississippi, was in effect from August 27, 2004, through August 27, 2005. This policy was not renewed, and this policy expired according to its terms on August 27, 2005.

    2.    Lighthouse Insurance Services (Lighthouse), the plaintiff's insurance agent, notified the plaintiff that the Markel policy was about to expire, and, on or about August 4, 2005, the plaintiff applied, through Lighthouse, for insurance through the Mississippi Windstorm Underwriting Association (the Wind Pool).

    3.    AIG Insurance Services, Inc. (AIG), issued a policy through the Wind Pool covering the plaintiff's property and providing coverage of $75,000 for the plaintiff's dwelling and $30,000 for the contents of the plaintiff's dwelling. This was the amount of coverage the plaintiff applied for on or about August 4, 2005.

If these facts are not contested, it appears to me that neither Markel nor Lighthouse are proper defendants in this action. Markel's policy was not in effect at the time of Hurricane Katrina, having expired two days before the storm. Lighthouse, having secured the coverage the plaintiff requested through the Wind Pool, likewise appears to me to be in no breach of a legal duty it owed to the plaintiff. These are the contentions Markel relies upon in its response to the plaintiff's motion to remand.

I do not want to make findings of fact with respect to these three issues without affording the plaintiff an opportunity to invite my attention to any evidence that these issues of fact are contested or to invite my attention to any legal issue I may be overlooking.

Accordingly, I will allow the plaintiff ten days from the date of this order to file a statement whether these matters are contested or admitted and a memorandum of law addressing the viability of the plaintiff's claims against Markel and Lighthouse. At the time this statement and memorandum are filed, I would also like to hear from the plaintiff concerning the status of the plaintiff's claims against Midland Mortgage Company (Midland). Finally, I would like to hear from the plaintiff concerning the amount in controversy with respect to AIG

If the facts set out above are uncontested and the plaintiff cannot state a cause of action against Markel and/or Lighthouse, these defendants will be dismissed from this action. If the plaintiff is no longer pursuing a cause of action against Midland, it will also be dismissed. In light of the plaintiff's response to this order I will then consider the merits of the plaintiff's motion to remand.

**SO ORDERED** this 25th day of February, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE