**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOAN ELIZABETH JACOBS**                                                                               **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.1:07CV653 LTS-RHW**

**MARKEL INSURANCE COMPANY, ET AL.**                                         **DEFENDANTS**

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO REMAND

The Court has before it Plaintiff Joan Elizabeth Jacobs's (Jacobs) motion [7] to remand. For the reasons set out below, this motion will be granted. Because of my ruling on the motion to remand, the other pending motions [11] [25] [34] [39] [40] [43] will be denied without prejudice for lack of subject matter jurisdiction.

Jacobs is the owner of a home at 3608 Park Boulevard, Gulfport, Mississippi. Jacobs's home was extensively damaged during Hurricane Katrina, but there was no incursion of water from storm surge flooding. Thus this case is unusual in that it involves an insurance claim for wind damage alone. The dispute among the parties concerns the terms of the insurance coverage that was in force at the time of the storm; whether more than one policy may have been in place; and which party may be responsible for any deficiency there may be in windstorm coverage for this property.

On September 1, 2004, Jacobs borrowed $86,656 from American Mortgage Resources, Inc. This loan was secured by a deed of trust on Jacobs's Park Boulevard home. The deed of trust and the obligation supporting it were eventually transferred to Midland Mortgage Company (Midland) and Irwin Mortgage Corporation (Irwin). At the time this loan was made, Lighthouse Insurance Services (Lighthouse) was designated as the party responsible for maintaining insurance coverage on this property.

During the year prior to Hurricane Katrina, the first year after the loan was made, Jacobs's home was insured under a homeowners policy issued by Markel Insurance Company (Markel). The Markel policy was in effect from August 27, 2004, through August 27, 2005. The Markel policy was scheduled to expire two days before Hurricane Katrina. There is some question whether the Markel policy was in fact renewed and whether additional "forced placed" insurance was purchased using funds from the plaintiff's escrow account. These questions arise from a February 17, 2006, letter to Jacob's counsel from Mr. Deke Koonce, a representative of Midland. This letter indicates that the Markel policy was renewed and that "lender placed policies" were also in effect at the time of the storm. (Exhibit Three to Plaintiff's Memorandum in Support of Motion To Remand)

On July 28, 2005, one month before the storm, Lighthouse's representative Lynn Wilson wrote a letter to the plaintiff notifying her that the Markel policy covering her property was about to expire.  The letter states that Lighthouse has obtained a quote for replacement coverage with "Underwriters @ Lloyds &Mwua Insurance Company for your 08/27/05 to 2006 term."  The latter reference appears to be to the Mississippi Windstorm Underwriting Association, commonly known as the Wind Pool.  This letter also states, "The annual premium will be $1355.95, and is based on similar terms, limits, and conditions as your expiring policy."  An application was enclosed, and the plaintiff was asked to sign the application and return it to Lighthouse.  The letter goes on to state,"Unless we hear from you prior to 08/22/05 we will renew your policy as indicated on the enclosed application and invoice your mortgage company for the premium listed." (Exhibit Two to Plaintiff's Memorandum in Support of Motion To Remand)

There is a dispute whether the plaintiff received the Lighthouse letter before the storm and whether she signed the application that accompanied it.  Lighthouse submitted an application for insurance to the Wind Pool and obtained windstorm coverage with AIG Insurance Company, (AIG).  After the storm AIG assessed the damage to the insured property and paid a substantial part of the plaintiff's claim for windstorm damage to her dwelling and its contents.  There is a dispute whether the AIG policy provided as much coverage as the Markel policy and whether the AIG policy has more restrictive terms than the Markel policy.

Plaintiff contends that the AIG policy Lighthouse purchased provided less coverage than the Markel policy, and she contends that this was the result of Lighthouse's negligence (or deliberate misconduct) in securing the AIG policy.  Plaintiff asserts that Lighthouse was obligated to keep in force property insurance that was the equivalent to the coverage under the Markel policy purchased at the time of the September 1, 2004, loan transaction.

On August 22, 2006, AIG tendered to Jacobs a check for $58,398 for windstorm damage to her dwelling.  On September 12, 2006, AIG tendered to Jacobs a check for $20,582.40 for windstorm damage to her personal property.  Plaintiff was not satisfied with these payments.  Acting through her attorney, Plaintiff undertook to find out whether additional coverages might have been in place at the time of the storm.  If the correspondence in this record is any indication, the effort to secure information about the coverages on the plaintiff's property was a struggle from the start, and the plaintiff's efforts were frustrated by having several parties involved in her search for information.

Jacobs apparently fell into arrears on the debt underlying her deed of trust, and, on March 28, 2007, Midland notified Jacobs that it intended to start foreclosure proceedings.  This suit was filed in the Chancery Court of Harrison County, Mississippi, on April 13, 2007, and removed within thirty days.

This lawsuit names the following parties as defendants: Markel, Lighthouse, AIG, and the mortgagees Midland and Irwin.  In order to determine whether removal of this action was proper, I must determine whether Jacobs has stated a valid cause of action against Lighthouse.  There is complete diversity among all the parties, and the requisite amount is in controversy, but Lighthouse is a Mississippi corporation with its principal place of business in Mississippi.  Because Lighthouse is a Mississippi resident defendant, removal on grounds of diversity is not proper if Jacobs has stated a cause of action against Lighthouse. 28 U.S.C. §1441(b)

The complaint alleges that Lighthouse was responsible for maintaining insurance coverage on Jacobs's residence. (Complaint Paragraph Five)  The complaint also alleges that Lighthouse undertook, on July 28, 2005, to obtain replacement coverage on "similar terms, limits and conditions" as were included in the then existing Markel policy; that Lighthouse negligently or intentionally failed to keep this commitment; and that Jacobs was harmed thereby. (Complaint Paragraph Fourteen)

On this motion to remand, the removing parties have the burden of demonstrating that the plaintiff's claims against Lighthouse are invalid.  *Dodson v. Spiliada Maritime Corp*., 951 F.2d 40 (5th Cir.1992).  The standard I must apply to determine whether the plaintiff has stated a valid cause of action against Lighthouse is a very liberal one.  If I limit my review to the pleadings alone, I must accept the material allegations of the complaint as true, and I must grant the plaintiff all reasonable inferences in support of her claims against Lighthouse.  If I consider evidence outside the pleadings, I must apply the standard of F.R.Civ.P. 56 and remand the case unless the removing parties carry their burden to show that there is no genuine issue of material fact and that the plaintiff's claim against Lighthouse is invalid as a matter of law.  In this instance I will apply the standard of F.R.Civ.P. 56 because the plaintiff has submitted evidence outside the pleadings in support of her motion to remand and because the defendants have responded in kind.

In her motion, Jacobs asserts that on July 28, 2005, the insurance in place on her residential property "contained limits of $91,000.00 for a loss to her dwelling." (Plaintiff's Motion To Remand Paragraph Three) Plaintiff also asserts that the replacement coverage Lighthouse secured had limits of only $75,000, leaving Jacobs under insured by this $16,000 difference in coverage.  This difference apparently arises from the original Markel policy's providing $7,500 in "outbuilding" coverage and another $7,500 in coverage for additional living expenses.  These additional coverages were not included in the AIG policy Lighthouse purchased.

My review of the materials submitted by the parties indicates that there are genuine issues of material fact with respect to Jacobs's claims against Lighthouse.  The plaintiff contends that the coverage Lighthouse secured to replace the Markel policy did not give her replacement coverage on "similar terms, limits and conditions" as the Markel policy.  Lighthouse asserts that the coverage it secured for Jacobs was better than the coverage provided by the Markel policy.

No party has submitted the AIG policy or the Markel policy for my review. Nevertheless, the parties seem to agree that these policies are not identical, and the question whether the AIG replacement policy provides coverages that are as good as or better than the coverages of the Markel policy is a question of fact.

There also appears to be a substantial dispute whether Jacobs's signature on the insurance application Lighthouse submitted to secure the AIG replacement coverage was authorized by the plaintiff. This is also a factual dispute that may have a substantial bearing on the plaintiff's claims against Lighthouse.

Plaintiff's principal claim against Lighthouse is that it breached its obligation to replace the Markel policy with other coverage on "similar terms, limits and conditions." Plaintiff also contends that Lighthouse was not authorized to secure the AIG replacement coverage it applied for, but it is difficult to see how Lighthouse's securing that coverage has not been advantageous to the plaintiff. If the plaintiff can substantiate these claims and show that she sustained damages as a result of the misconduct she has alleged, the plaintiff may establish a right of recovery against Lighthouse. I certainly do not intend this as a comment on the merits of the plaintiff's claim against Lighthouse. The merits of the plaintiff's claim is an issue for another day, an issue that a finder of fact must make on a fully-developed record. At this juncture the Court's inquiry is limited to the question whether the removing parties have established that there is no genuine issue of material fact and that Lighthouse is entitled to judgment as a matter of law under F.R.Civ.P. 56. I find that the removing parties have not met this burden, and the plaintiff's motion to remand must therefore be granted.

The mortgagees, Irwin and Midland, assert that they have been improperly joined in this action under the holding of *Tapscott v. MS Dealer Service Corp*. 77 F.3d 1353 (11th Cir.1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000); *In Re Benjamin Moore & Company*, 309 F.3d 296 (5th Cir.2002); and *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092 (Miss.2004). I find that this issue must be presented to the Chancery Court of Harrison County, Mississippi, on remand. Unlike the situation presented by the joinder issue in *In Re Benjamin Moore & Company*, 309 F.3d 296 (5th Cir.2002), no matter how this joinder issue may be resolved, that decision will not make this case removable because it does not affect the plaintiff's claim against Lighthouse. This Court has never acquired subject matter jurisdiction of this action under 28 U.S.C. §1441(b) and it could not acquire subject matter jurisdiction of this action by separating this case into two causes of action, as the mortgagees request. The mortgagees have an interest in the insured property to be sure, and they may have an interest in the insurance proceeds that apply to this property. The appropriate court in which to resolve these issues in the state court in which this action was originally filed. This Court lacks subject matter jurisdiction and therefore does not have the authority to consider the issues of fact identified above.

An appropriate order will be entered.

**DECIDED** this 17th day of June, 2008.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE